DUM

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JONETTE JEWELRY COMPANY,
Plaintiff,

v.

C.A. No. 2005-

TARGET CORPORATION,
Defendant.

JURY TRIAL CLAIMED

CA 05 509ML

COMPLAINT

PARTIES

1. Plaintiff, JONETTE JEWELRY COMPANY ("JONETTE"), is a Rhode Island corporation with its principal place of business in East Providence, Rhode Island.

2. Defendant, TARGET CORPORATION ("TARGET"), is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Target has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction.

JURISDICTION

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under federal law. In particular, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and for violations of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a). This court also has supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.

FACTS

4. Plaintiff designs, manufactures, and sells original styles of jewelry. One of plaintiff's original jewelry designs is "Christmas Tree Pin with Stones and Color", Jonette style 7203 ("Jonette's Christmas Tree Pin").

5. Without plaintiff's permission and in violation of plaintiff's rights, defendant is making, importing, selling and offering for sale in Rhode Island and elsewhere a style of pin that imitates, copies, and

infringes upon Jonette's original Christmas Tree Pin design. Pictures of Jonette's original Christmas Tree Pin and the unauthorized copy are annexed hereto as Exhibit "A".

6. Jonette's Christmas Tree Pin design is registered with the U.S. Copyright Office. Annexed hereto as Exhibit "B" is U.S. Copyright Certificate of Registration No. VAU-294-301.

7. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered damages.

8. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

9. Defendant's acts of infringement have been and continue to be willful. Each original Jonette Christmas Tree Pin bore Jonette's copyright notice on the back of the pin. On the infringing pin, the Jonette copyright notice has been obliterated and replaced with a bogus notice. [See Exhibit "C", attached hereto.]

COUNT I
(Copyright Infringement--
Jonette's "Christmas Tree Pin with Stones and Color", Style 7203,
U.S. Copyright Registration No. VAU 294-301)

10. Paragraphs 1 through 9 are incorporated herein.

11. Defendant has infringed upon and is continuing to infringe upon Jonette's "Christmas Tree Pin with Stones and Color", Jonette style number 7203, U.S. Copyright Certificate of Registration No. VA 294-301.

12. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

13. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

14. Defendant's acts of infringement have been and continue to be willful.

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted design;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling its infringing goods;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing goods;
- for an order impounding the infringing goods;
- for preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing goods;
- for an accounting for all profits earned by defendant on the sale of the infringing goods;
- for an award of actual damages plus the defendant's profits pursuant to 17 U.S.C. §504(b);
- for an award of statutory damages against the defendant pursuant to 17 U.S.C. §504(c);
- for an award of statutory damages against the defendant in the amount of $150,000 pursuant to 17 U.S.C. §504(c)(2) in view of the willful and deliberate nature of the infringement;
- for an award of costs and attorneys' fees pursuant to 17 U.S.C. §505;
- for such other relief as the court deems just.

<u>COUNT II</u>
(Violation of Section 43 (a) of the Lanham Act)

15. Paragraphs 1 through 14 are incorporated herein.

16. Defendant's infringement upon plaintiff's registered jewelry design, as above-described, constitutes a false designation of origin and a false description of the goods effecting interstate commerce in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a).

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendant:

- for all remedies available under Section 43(a) of the Lanham Act;
- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted design;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling its infringing goods;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing goods;
- for an order impounding the infringing goods;
- for preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing goods;
- for an accounting for all profits earned by defendant on the sale of the infringing goods;
- for an award of actual damages plus the defendant's profits;
- for an award of statutory damages against the defendant;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

COUNT III
(Misappropriation)

17. Paragraphs 1 through 16 are incorporated herein.

18. Plaintiff has invested substantial time, effort, and money in the jewelry design described herein.

19. Defendant has appropriated the fruits of plaintiff's investment at no cost.

20. As a direct and proximate result of defendant's misappropriation, plaintiff has been injured.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendant:

- for an award of compensatory damages;
- for an award of punitive damages ;
- for an award of costs and attorneys' fees;

- for such other relief as the court deems just.

COUNT V
(Dilution)

21. Paragraphs 1 through 20 are incorporated herein.

22. Defendant's infringement upon plaintiff's jewelry design, as described herein, causes a likelihood of injury to plaintiff's business reputation and a likelihood of dilution of the distinctive quality of plaintiff's jewelry designs, in violation of plaintiff's common law rights and in violation of R.I.G.L. § 6-2-12.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendant:

- for all remedies available under R.I.G.L. § 6-2-12.
- for an award of compensatory damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

Plaintiff,
JONETTE JEWELRY COMPANY,
By Its Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

DATED: December 7, 2005

Plaintiff claims a trial by jury on all issues so triable.

# EXHIBIT "A"

**JONETTE PIN**



FRONT



BACK

**ACCUSED PIN**



FRONT



BACK

# CERTIFICATE OF REGISTRATION

# FORM VA

UNITED STATES COPYRIGHT OFFICE

VAu 294-301

EFFECTIVE DATE OF REGISTRATION

MAR 21 1994

Month Day Year

UNITED STATES COPYRIGHT OFFICE · THE LIBRARY OF CONGRESS

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Barbara Ringer

ACTING REGISTER OF COPYRIGHTS
*United States of America*

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

CHRISTMAS TREE PIN W/STONES & COLOR ITEM#7203 (1 pc.)

**NATURE OF THIS WORK ▼** See instructions

JEWELRY DESIGN

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼** **Number ▼** **Issue Date ▼** **On Pages ▼**

**NAME OF AUTHOR ▼**

JONETTE JEWELRY COMPANY

**DATES OF BIRTH AND DEATH**
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
U.S.A.
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? [ ] Yes [X] No
Pseudonymous? [ ] Yes [X] No
If the answer to either of these questions is "Yes," see detailed instructions.

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**

[ ] 3-Dimensional sculpture [ ] Map [ ] Technical drawing
[ ] 2-Dimensional artwork [ ] Photograph [ ] Text
[ ] Reproduction of work of art [X] Jewelry design [ ] Architectural work
[ ] Design on sheetlike material

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? [ ] Yes [ ] No
Pseudonymous? [ ] Yes [ ] No
If the answer to either of these questions is "Yes," see detailed instructions.

*0649387955*

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**

[ ] 3-Dimensional sculpture [ ] Map [ ] Technical drawing
[ ] 2-Dimensional artwork [ ] Photograph [ ] Text
[ ] Reproduction of work of art [ ] Jewelry design [ ] Architectural work
[ ] Design on sheetlike material

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
1994 ◀ Year
This information must be given in all cases.

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ Day ▶ Year ▶ ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

JONETTE JEWELRY COMPANY JJ
373 TAUNTON AVENUE
E. PROVIDENCE, RHODE ISLAND 02914

See instructions before completing this space

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE OFFICE USE ONLY

APPLICATION RECEIVED
MAR 21 1994
ONE DEPOSIT RECEIVED
MAR 21 1994
TWO DEPOSITS RECEIVED
REMITTANCE NUMBER AND DATE
"B"

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of 2 pages

EXAMINED BY **FORM VA**

CHECKED BY

[ ] CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? 5

[ ] Yes [X] No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. [ ] This is the first published edition of a work previously registered in unpublished form.

b. [ ] This is the first application submitted by this author as copyright claimant.

c. [ ] This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼ Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation. 6

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

See instructions before completing this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account. 7

Name ▼ Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

B. GORDON LISKER
JONETTE JEWELRY COMPANY
373 TAUNTON AVENUE
EAST PROVIDENCE, RHODE ISLAND 02914

Area Code & Telephone Number ▶ 401-438-1941

Be sure to give your daytime phone ◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the 8

Check only one ▼

[ ] author

[ ] other copyright claimant

[ ] owner of exclusive right(s)

[X] authorized agent of JONETTE JEWELRY COMPANY

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

B. GORDON LISKER date ▶ 3-11-94

Handwritten signature (X) ▼

B. Gordon Lisker

**MAIL CERTIFICATE TO** 9

Name ▼
JONETTE JEWELRY COMPANY

Number/Street/Apartment Number ▼
373 TAUNTON AVENUE

City/State/ZIP ▼
EAST PROVIDENCE, RHODE ISLAND 02914

Certificate will be mailed in window envelope

YOU MUST:
- Complete all necessary spaces
- Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

May 1992—50,000 ☆U.S. GOVERNMENT PRINTING OFFICE: 1992-312-432/40,019

7203





**EXHIBIT "C"**



**COPYRIGHT NOTICE ON THE BACK OF THE JONETTE PIN**



**COPYRIGHT NOTICE ON THE BACK OF THE ACCUSED PIN**